IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER MICHAEL HINSHAW**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:20-CV-1249-L-BN** |
| | § | |
| **LORIE DAVIS,** Director, | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

On May 18, 2020, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("May 18 Report") (Doc. 6) was entered, recommending that the court dismiss without prejudice this habeas action brought pursuant to 28 U.S.C. § 2254 for failure to exhaust state court remedies. On May 22, 2020, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("May 22 Report") (Doc. 13) was entered, recommending that the court deny Petitioner's request to stay and abate this proceeding (Doc. 8) and deny his remaining pending motions (Docs. 9, 10, & 11) for copies, appointment of counsel, and an evidentiary hearing without prejudice. The magistrate judge also recommended, for the reasons previously explained in the May 18 Report, that the court dismiss without prejudice this action as a result of Petitioner's failure to exhaust his state court remedies.

On June 8 and 11, 2020, Petitioner filed a Motion for Reconsideration and Supplement to the Motion for Reconsideration (Docs. 14, 15) in response to the May 18 Report (Doc. 6), contending that his request for habeas relief should be considered under 28 U.S.C. §

Order – Page 1

2244(b)(i)(B)(ii)[1] and (d). The court **construes** Petitioner's Motion for Reconsideration and Supplement (Docs. 14, 15) as objections to the May 18 Report and recommendation that this action under section 2254 should be dismissed without prejudice for failure to exhaust administrative remedies. Petitioner's reliance on sections 2244(b) and (d) is misplaced. Section 2244(b) is inapplicable, as the magistrate judge did not determine that Petitioner's habeas application was successive. Section 2244(d), which applies to equitable tolling of the applicable statute of limitations, also has no relevance to whether Petitioner exhausted his administrative remedies before filing his habeas application. The court, therefore, **overrules** Petitioner's objections.

Accordingly, having reviewed the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the May 18 Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge in the May 18 and 22, 2020 Reports are correct, and **accepts** them as those of the court. The court, therefore, **dismisses without prejudice** this section 2254 habeas action for failure to exhaust administrative remedies; **denies** Petitioner's request to stay or abate the proceedings in this case (Doc. 8); and **denies without prejudice** Petitioner's remaining motions (Docs. 9, 10, & 11).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to

---

[1] Section 2244 does not contain a subsection (b)(i)(B)(ii).

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but

**Order – Page 2**

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 17th day of June, 2020.

Sam A. Lindsay
United States District Judge

---

may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**